UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
IRENE FREEMAN,                                    Civil Action No.:

           The Plaintiff,                        COMPLAINT

  - against -

HEART TO HEART HOME CARE STAFFING, LLC,
and MRS. MARY'S PLACE HCS INC.,

           Defendants.
------------------------------------------------------------X

## INTRODUCTION

1. Plaintiff, Irene Freeman, alleges that Defendants, Heart to Heart Home Care Staffing, LLC and Mrs. Mary's Place HCS, Inc., violated the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, to pay her overtime premium pay for all hours worked in excess of forty per week, and that Defendants acted in a manner that was willful and without good faith.

2. Plaintiff further alleges that Defendants' failure to pay compensation for all hours worked was made with a reckless disregard for Plaintiff's rights and in violation of the New York Labor Law ("NYLL") sections 650 *et seq.*, including Part 142, section 142-2.2 ("Overtime Rate") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law).

## JURISDICTION AND VENUE

3. This Court's jurisdiction is based upon 29 U.S.C. § 216(b) (FLSA) and 28 U.S.C. § 1331 (Federal Question). Further, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because those derive from a common nucleus of operative

facts. In addition, this Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

4. Venue is appropriate under 28 U.S.C. § 1391(b) and (c) (Substantial Part of the Events and Contacts), as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district. In addition, Defendants regularly conduct business in this district and are subject to personal jurisdiction in this district.

## PARTIES

5. Plaintiff, Irene Freeman ("hereinafter "Plaintiff"), is a resident of Bronx, New York.

6. Plaintiff was employed by Defendants as a health aid from on or about March 13, 2013 to on or about November 2015.

7. During the time period January 1, 2015 to November 2015, Plaintiff performed home health aid services to Max Dubno and Betsy Dubno at their home located at 5 Peter Cooper Road, New York, New York.

8. The Defendant, Heart to Heart Home Care Staffing, LLC ("Heart to Heart"), is a domestic limited liability company duly authorized to conduct business in the State of New York.

9. Heart to Heart has and continues to maintain a principal place of business at 395 Pearl St. Brooklyn, New York, 11201.

10. The Defendant, Mrs. Mary's Place HCS, Inc. ("Mrs. Mary's Place") is a domestic corporation duly authorized to conduct business in the State of New York.

11. Mrs. Mary's Place has and continues to maintain a principal place of business at 395 Pearl St. Brooklyn, New York, 11201.

FACTS

12. During the time period January 1, 2015 to November 2015, Plaintiff reported to the residence 5 Peter Cooper Rd., New York, New York to perform her duties.

13. During this time period, Max Dubno and Betsy Dubno suffered from physical and mental illnesses and could not care for themselves.

14. Plaintiff's responsibilities included assisting Max Dubno and Betsy Dubno with daily functions like walking, bathing, and dressing. Additionally, Plaintiff would prepare meals, wash clothes, vacuum, dust, sweep, take out the trash, and other general household cleaning.

15. During her employment from on or about January 1, 2015 to on or about May 17, 2015, Plaintiff's weekly work schedule was Sunday from 8:00 a.m. to Wednesday at 8:00 a.m.

16. During her employment from on or about May 17, 2015 to on or about November 2015, Plaintiff's weekly work schedule was Sunday from 8:00 a.m. to Thursday at 8:00 a.m.

17. During the time period January 1, 2015 to November 2015, Plaintiff either worked 3 days in a row, 24 hours a day, or 4 days in a row, 24 hours a day, without any time off.

18. During this time, Plaintiff was not given and did not take three 1 hour uninterrupted meal breaks each day.

19. During this time, Plaintiff was not permitted to and did not sleep 8 hours each night.

20. During this time, Plaintiff was not permitted to and did not sleep 5 uninterrupted hours each night.

21. During this time, Plaintiff was paid by the day.

22. During this time, the Defendants did not pay Plaintiff proper overtime compensation when she worked more than 40 hours each week.

23. During this time, the Defendants did not properly pay Plaintiff time and a half her regular rate of pay when she worked more than 40 hours each week.

24. During this time, Plaintiff was not exempt from the overtime provisions of the FLSA or any applicable state laws.

25. During this time, Defendants did not pay the Plaintiff the statutory minimum wage.

26. During this time, Plaintiff regularly worked shifts in excess of 10 hours.

27. During this time, Defendants did not pay plaintiff spread of hours compensation.

28. Defendants were aware of Plaintiff's work hours, but failed to pay Plaintiff the full amount of wages to which she was entitled for this work time under the law.

29. Defendants' failures to pay proper wages in a timely manner were made without good faith, willfully, and with a reckless disregard for Plaintiff's rights; and Plaintiff has been damaged by such failures.

## COUNT I
### FLSA Overtime Claim

30. At all times relevant to this Complaint, Defendants have been and continue to be, an "employer" within the meaning of the FLSA (29 U.S.C. § 207(a)(2)).

31. At all times relevant to this Complaint, Defendants have "employed" Plaintiff suffering or permitting her to work within the meaning of the FLSA (29 U.S.C. § 203(g)).

32. At all times relevant to this Complaint, Defendants were an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA (29 U.S.C. § 203(s)).

33. At all times relevant to this Complaint, the gross annual volume of sales made or business done by the corporate Defendants during the year 2015 was not less than $500,000.00.

34. Defendants' failures to pay overtime wages to Plaintiff for such work violates the FLSA (29 U.S.C. § 207).

35. Defendants' failures to provide required compensation for all hours worked by Plaintiff are willful violations within the meaning of FLSA (29 U.S.C. § 255(a)).

36. Defendants' repeated and intentional failures to provide required compensation for all hours worked by Plaintiff were not made in good faith within the meaning of the FLSA (29 U.S.C. § 260).

37. As a result of Defendants' violations of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### FLSA Minimum Wage Claim

38. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 206(a).

39. Defendants routinely and regularly failed to pay Plaintiff the applicable minimum wage, in violation of 29 U.S.C. §206(a).

40. As a result of Defendants' unlawful practices, Plaintiff suffered a loss of wages.

41. As a result of Defendants' violations of the FSLA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT III
### NYLL Overtime Claim

42. At all times relevant to this Complaint, Defendants were an "employer" of Plaintiff within the meaning of the NYLL and the regulations pertaining thereto.

43. At all times relevant to this Complaint, Plaintiff was an "employee" of Defendants within the meaning of the NYLL and the regulations pertaining thereto.

44. At all times relevant to this Complaint, Defendants employed Plaintiff suffering or permitting them to work within the meaning of NYLL and the regulations pertaining thereto.

45. Defendants failed to pay overtime premiums to Plaintiff for all such work hours in excess of 40 hours per workweek, in violation of the NYLL and the regulations pertaining thereto.

46. Such failures constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

47. As a result of Defendants' violation of the NYLL and the regulations promulgated therein, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation.

## COUNT IV
### NYLL Minimum Wage Claim

48. At all times relevant to this action, Plaintiff was an "employee" of Defendants within the meaning of New York Labor Law §§2 and 651.

49. Defendants willfully failed to pay Plaintiff at the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically New York Labor Law §652.

50. As a result of Defendants' unlawful practices, Plaintiff has suffered a loss of wages.

51. As a result of Defendants' violation of the NYLL and the regulations promulgated therein, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation.

## COUNT V
## NYLL Spread of Hours

52. That the Defendants never paid spread of hours pay to Plaintiff as required under Part 142, section 142-2.4 ("Spread of Hours Pay") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law).

53. Such failures constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

54. As a result of defendants' violation of the NYLL and the regulations promulgated therein, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court

(A) Determine the damages sustained by Plaintiff as a result of Defendants' violations of 29 U.S.C. §207, and award those damages against Defendants and in favor of Plaintiff, plus an additional equal amount as liquidated damages pursuant to 29 U.S.C. §216(b);

(B) Determine the damages sustained by Plaintiff as a result of Defendants' violations of the NYLL and the regulations pertaining thereto, and award those damages against Defendants and in favor of Plaintiff, and liquidated damages, such pre-judgment and post-judgment interest as may be allowed by law; as well as restitution;

(C) Award Plaintiff costs and disbursements of this suit, including, without limitation, reasonable attorneys' fees; and

(D) Grant Plaintiff such other and further relief as this Court may deem just and proper.

Dated: Westbury, New York
       December 22, 2015

                    Neil H. Greenberg & Associates, P.C.
                    By: Neil H. Greenberg, Esq.
                    Attorneys for the Plaintiff
                    900 Merchants Concourse, Suite 314
                    Westbury, New York 11590
                    (516) 228-5100

## FAIR LABOR STANDARDS ACT CONSENT FORM

I, the undersigned, consent to be a party in **Freeman v. Heart to Heart Care, Inc. and Mrs. Mary's Place HCS, Inc.** in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. section 216(b).

Dated: Westbury, New York
October 22, 2015

*/s/ Irene Freeman*
**Irene Freeman**